IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT DAVID DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-12-587-HE |
| v. ) | |
| ) | |
| HARPER COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

On May 22, 2012, Plaintiff, a state prisoner appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary damages for alleged constitutional deprivations. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1] Having undertaken a review of the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915A(a), the undersigned recommends that the cause of action be dismissed pursuant to 28 U.S.C. § 1915A(b) on the grounds of immunity and failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether

---

[1]The matter was re-referred to the undersigned Magistrate Judge by Order entered July 3, 2012. (Doc. # 13). In this Order, District Judge Heaton also vacated the previously-entered Judgment dismissing the action without prejudice.

1

summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).

II. Analysis

In his Complaint, Plaintiff names as Defendants (1) George Leach, the "presiding Judge over case CRF 91-27, Harper County, OK. in 1992;" (2) Crieg Rittenhouse, the "Ass't D.A. Harper County, OK in 1992 . . . in CRF 91-27;" (3) Henry Meyer, Petitioner's court-appointed defense attorney who represented Petitioner in Case No. CRF-91-27 in the District Court of Harper County, Oklahoma; (4) Twila Easterwood, the "Court Clerk Harper County circa 1992;" (5) Linda Crouch-Smith, the "Deputy Court Clerk Harper County circa 1992;" and (6) Harper County, Oklahoma.   Complaint, at 1-3.

In his Complaint, Plaintiff alleges that Defendants should be liable to him for compensatory damages in the amount of ten million dollars each.  As factual support, Plaintiff alleges that "[o]n June 29, 2011, District Court of Harper County, Judge Greg A. Zigler granted Order Nunc Pro Tunc to [Plaintiff] correcting [the] Judgment and Sentence issued by Harper County in 1992." Complaint, at 2.  According to Plaintiff's allegations, the original judgment and sentence entered in Case No. CRF-91-27 mistakenly altered the manner in which Plaintiff was ordered to serve, and has served, the terms of imprisonment to which he was sentenced in this criminal proceeding.  He alleges that this alteration, which differed from the terms of the sentences entered orally by the presiding judge at the time of his sentencing, was the result of a conspiracy among the Defendants.  Plaintiff further alleges that the incorrect judgment and sentence effectively breached his plea agreement and that he has suffered "mental pain and anguish" as a result of being "forced by D.O.C. to serve [in] reverse the order of the [sentences per his plea] agreement thus eliminating the possibility of parole from his Life sentence to the twenty, extending years of imprisonment." Complaint, at 5.

According to public records of the Oklahoma Department of Corrections ("ODOC"), Plaintiff was paroled from and/or discharged on September 9, 2000, two, 20-year terms of imprisonment entered against him in the District Court of Harper County, Oklahoma, Case No. CRF-91-27, for his two convictions for Sodomy, after having served eight years of the sentences. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=210734&offender_book_id=102976 (accessed July 3,

2012). According to ODOC's records, on September 9, 2000, Plaintiff began serving two, concurrent sentences of life imprisonment for two convictions for Rape in the First Degree entered in the District Court of Harper County, Oklahoma, Case No. CRF-91-27.

Taking judicial notice of the Court's own records, in a previous 28 U.S.C. § 2241 habeas proceeding, Plaintiff asserted a challenge to the execution of his sentences entered in Case No. CRF-91-27, District Court of Harper County. Robert David Dunn v. Randall Workman, Warden, Case No. CIV-05-726-F.  He alleged that ODOC was not running the sentences in accordance with the judgment actually entered in the criminal case during his sentencing proceeding.  He contended that he should have served his two, concurrent, life sentences either before or concurrently with the service of his two, concurrent 20-year terms of imprisonment.

In an Order and Judgment entered August 8, 2005, United States District Judge Friot dismissed the action on the ground that it was not timely filed in accordance with 28 U.S.C. § 2244(d)(1)(D).  Petitioner's request for a certificate of appealability concerning this decision was denied by the Tenth Circuit Court of Appeals in an Order entered March 24, 2006. Robert David Dunn v. Randall Workman, Warden, 172 Fed.Appx. 238, 2006 WL 752029 (10th Cir. Mar. 24, 2006)(unpublished order).

The Tenth Circuit included the following factual findings with respect to Plaintiff's convictions and sentences in its order:

> Robert David Dunn pleaded guilty to multiple counts of rape and sexual child abuse on February 27, 1992.  That same day, he was sentenced to state prison for two life sentences and two

4

> twenty-year sentences. He was also sentenced to county jail for two one-year sentences. The two twenty-year sentences were to run concurrently with each other. The two life sentences were to run concurrently with each other and concurrently with the two one-year sentences.
> Dunn was placed in custody in state prison where he alleges that, as a technical matter, he was required to serve out his twenty-year terms before service of his life sentences would begin. Although he remained at the same prison the entire time, Dunn alleges this change between the service of his sentences occurred on September 9, 2000."

Id. at 2-3. In a footnote, the court noted that it was not clear how Plaintiff's twenty-year sentences were discharged after he served less than nine years in prison, but that this fact was immaterial to the resolution of the claims asserted in the habeas petition. Id. at 3 n. 1.

Petitioner subsequently filed a 28 U.S.C. § 2254 habeas petition in this Court in 2009 in which he challenged his 1992 convictions and sentences. Robert David Dunn v. Parker, Case No. CIV-09-1239-F. In a Report and Recommendation entered February 26, 2010, former United States Magistrate Judge Couch found that the petition was untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and recommended dismissal on that basis. The Report and Recommendation was adopted by United States District Judge Friot. On appeal, the Tenth Circuit Court of Appeals affirmed this Court's decision. Dunn v. Parker, 389 Fed.Appx. 787, 2010 WL 2911742 (10th Cir. July 27, 2010)(unpublished order), cert. denied, __U.S.__, 131 S.Ct. 1051 (2011).

III. § 1983 Claims Calling Into Doubt Conviction or Sentence

In his Complaint, Plaintiff alleges that the state district court and prosecutors breached his plea agreement with the prosecution concerning the manner in which he would serve his

sentences by conspiring to enter a written judgment and sentence that varied from the terms of the plea agreement as to the order in which he would serve his sentences. As relief, Plaintiff seeks compensatory damages from Defendants for "violation of constitutional rights, mental pain and anguish and breach of contract . . . ." Complaint, at 6. To the extent Plaintiff seeks damages for an alleged breach of his plea agreement, this claim is foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), unless and until Plaintiff's convictions or sentences have been invalidated. Plaintiff has not alleged that his convictions or sentences were invalidated by the district court's order entered June 29, 2011. He alleges only that the original judgment and sentence was "correct[ed]" in an order nunc pro tunc. Complaint, at 2. Generally, § 1983 claims precluded by the operation of the Supreme Court's decision in Heck should be dismissed without prejudice "in order to permit the plaintiff to reassert them again later should he succeed in overturning his conviction or sentence." Padilla v. Enzor, 279 Fed.Appx. 606, 612, 2008 WL 2039274, *4 (10th Cir. May 13, 2008)(unpublished order). However, in this case Plaintiff's claims should be dismissed with prejudice because the Defendants are immune from liability and/or Plaintiff has failed to state a claim upon which relief may be granted and allowing an amendment would be futile.

IV. Official Capacity Immunity

States, state officials named in their official capacities, and "arms of the State" are entitled to immunity under the Eleventh Amendment unless the State has waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); Pennhurst

State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)(holding "the principle of sovereign immunity is a constitutional limitation on the federal judicial power," but that a State's sovereign immunity may be waived by an unequivocal expression of waiver).

Title 42 U.S.C. § 1983 does not abrogate the sovereign immunity of a State. See Quern v. Jordan, 440 U.S. 332, 345 (1979)( § 1983 does not waive States' sovereign immunity). Oklahoma has not consented to Plaintiff's suit against its state officials in their official capacities. See Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994)("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). Thus, Plaintiff's § 1983 action seeking damages from Defendants Leach and Rittenhouse, who are Oklahoma state officials, in their official capacities is barred by the Eleventh Amendment,[2] and these claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(2).

V. Absolute Judicial and Prosecutorial Immunity

A state judge is absolutely immune from claims for damages in a 42 U.S.C. § 1983 action for his or her judicial actions. Mireles v. Waco, 502 U.S. 9, 9-10 (1991)(*per curiam*); Stump v. Sparkman, 435 U.S. 349, 362-364 (1978).  See Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)(judicial "immunity applies 'however erroneous the act may have been,

---

[2]Although "a suit for prospective relief against state officials named in their official capacities, based upon an ongoing violation of federal law, is not considered an action against the state within the meaning of the Eleventh Amendment," Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1234 (10th Cir. 2010), Plaintiff has not alleged an ongoing violation of federal law.

and however injurious in its consequences it may have proved to the plaintiff'")(quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)).  Likewise, a prosecutor is entitled to absolute immunity concerning advocacy-related decisions in initiating a prosecution and presenting the State's case. Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted), cert. denied sub nom. Ritz v. Gagan, 513 U.S. 1183 (1995).

All of the actions alleged by Plaintiff in the Complaint to have been taken by Defendants Leach and Rittenhouse were taken in their capacities as a state judge and prosecutor and were clearly associated with the judicial process.  Accordingly, with respect to the allegations made in the Complaint against Defendants Leach and Rittenhouse, Defendants Leach and Rittenhouse are entitled to absolute immunity.  Plaintiff's § 1983 action against Defendants Leach and Rittenhouse seeking damages should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(2) on this basis.

VI. Color of State Law - Defense Attorney

Plaintiff's allegations in the Complaint against Defendant Meyer relate solely to the legal representation provided by Defendant Meyer to Plaintiff in connection with his 1992 state court criminal proceedings.  To state a claim under 42 U.S.C. §1983, a plaintiff must show that action taken "under color of" state law deprived him or her of rights secured by the Constitution or other federal law. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

Defendant Meyer was clearly not acting under color of state law in his representation of Plaintiff in state court criminal proceedings. Polk County v. Dodson, 454 U.S. 312, 317-318 (1981); see Brown v. McCray, No. 03-6073, 2003 WL 22046129 (10th Cir. Aug. 29, 2003)(unpublished order)("[A] criminal defendant's attorneys do not act 'under color of state law' for purposes of §1983 ....").

Although a "§ 1983 conspiracy claim may arise when a private actor conspires with [a] state actor to deprive a person of a constitutional right under color of state law," Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir. 1990), Plaintiff's allegations in his Complaint are not sufficient to assert a plausible claim of a conspiracy to violate Plaintiff's civil rights. See, e.g., Crabtree By and Through Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."). Plaintiff has not alleged "specific facts showing agreement and concerted action among defendants," and therefore his conspiracy claim should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989)("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice.").

VII. Absolute Immunity of Judicial Officers

The absolute immunity of judges extends to "'non-judicial officers where their duties had an integral relationship with the judicial process,'" including court clerks. Lundahl v.

Zimmer, 296 F.3d 936, 939 (10th Cir. 2002)(quoting Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000)).  Plaintiff alleges Defendants Easterwood and Crouch-Smith conspired with other Defendants to enter a "flawed Judgment and Sentence from 1992."  Complaint, at 4.  Because the entry of a judgment in a criminal case is an integral part of the judicial process performed by court clerks, Plaintiff has alleged only actions taken by Defendants Easterwood and Crouch-Smith as court officials "acting under the command of a court decree or explicit instructions from a judge."  Henricksen v. Bentley, 644 F.2d 852, 856 (10th Cir. 1981).  A mistake or an act does not abrogate this immunity even if it results in "grave procedural errors."  Stump, 435 U.S. at 359.  For these actions, Defendants Easterwood and Crouch-Smith are entitled to absolute immunity.  Accordingly, Plaintiff's § 1983 action against Defendants Easterwood and Crouch-Smith seeking damages should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(2) on the ground of absolute immunity.

VIII. Municipal Liability under § 1983

In his Complaint, Plaintiff names Harper County, Oklahoma as a Defendant.  However, Plaintiff has not alleged any specific action was taken by Harper County.  "A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff.  Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy, practice, or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."  Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010)(quotation omitted), cert. denied, __ U.S. __, 131 S.Ct. 3030 (2011).  Plaintiff alleges in this Complaint that Defendants "conspired" to enter a written

judgment and sentence in the Harper County Court Clerk's office that did not correctly memorialize the sentence entered in open court in the criminal proceeding. These conclusory allegations fail to state a plausible claim for relief under 42 U.S.C. § 1983 against Defendant Harper County. Further, it is "patently obvious" that Plaintiff could not prevail on the facts alleged in his Complaint and "allowing him an opportunity to amend his complaint would be futile." McKinney v. State of Okla., Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991). Under these circumstances, Plaintiff's § 1983 action against Defendant Harper County should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(2) as to Defendants Leach, Rittenhouse, Easterwood and Crouch-Smith and that Plaintiff's cause of action be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as to Defendants Meyer and Harper County. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by __July 30th__, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to

11

the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   9th   day of   July  , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE